IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERMAINE EVANS & TIFFANY EDWARDS**            **PLAINTIFFS**

**VS.**            **CIVIL ACTION NO. 1:12CV222HSO-RHW**

**SAFEWAY INSURANCE COMPANY**            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER COMES BEFORE THE COURT upon the Motion to Dismiss, or in the alternative, Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment [18, 20, 22] filed February 8, 2013, by Safeway Insurance Company ["Defendant"]. Defendant moves to dismiss Plaintiffs' Complaint for want of prosecution pursuant to FED. R. CIV. P. 37 and 41(b), or alternatively, for summary judgment on Plaintiffs' breach of insurance contract claim. Defendant further moves in the alternative for partial summary judgment on Plaintiffs' bad faith claim and request for punitive damages. To date, Plaintiffs have not responded to Defendants' Motions.

The Court, having considered the pleadings on file and the relevant legal authorities, finds that Defendant's Motion to Dismiss should be granted, and Plaintiffs' Complaint should be dismissed with prejudice pursuant to FED. R. CIV. P. 41(b). Alternatively, the Court finds that Defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment should be granted and

Plaintiffs' claims should be dismissed with prejudice.

## I. FACTS AND PROCEDURAL HISTORY

On November 3, 2011, Jermaine Evans and Tiffany Edwards [collectively "Plaintiffs"] were traveling together in a vehicle owned by Jermaine Evans and insured by Defendant.  Plaintiffs were involved in a motor vehicle accident when another vehicle collided with and damaged Evans's vehicle, causing physical injury to Edwards.  Edwards was driving Evans's vehicle at the time of the collision.  Plaintiffs filed this lawsuit on June 19, 2012, in the Circuit Court of Stone County, Mississippi.  Compl. [1-2], att. as Ex. 2 to Notice of Removal.

The Complaint advances claims for failure to pay under the terms of the uninsured motorist provision of the insurance policy obtained from Defendant.  Compl., [1-2], ¶ V, at p. 3.  Specifically, Plaintiffs assert that Defendant "willfully and intentionally failed to pay the compensation to either of the Plaintiffs . . . and willfully and intentionally failed to comply with the provisions and terms of the contract."  *Id*.  Plaintiffs seek recovery for property damage, injuries, medical expenses, future pain and suffering, and punitive damages.  *Id*.

Defendant removed the case to this Court on July 18, 2012.  Not. of Removal [1].  On September 19, 2012, the Court entered a Case Management Order [5] which imposed certain deadlines and set the case for trial on its October 2013 calendar.  Defendant propounded Interrogatories [6,7] and Requests for Production of Documents [8, 9] to Plaintiffs on November 8, 2012.  Plaintiffs did not respond.  On January 11, 2013, Defendant filed a Motion to Compel [14], which the Court

granted by text order on January 14, 2013. Plaintiffs were permitted until January 24, 2013, to tender their discovery responses to Defendant. The record indicates that Plaintiffs have never responded to these discovery requests or complied with the Court's Order.

Defendant filed the instant Motion on February 8, 2013. After the time period for Plaintiffs to file a response expired, the Court entered the following Order on March 1, 2013:

> TEXT ONLY ORDER directing Plaintiffs to file any Response to Defendant's [18] Motion to Dismiss, or in the alternative, [20] Motion for Summary Judgment, or in the alternative [22] Motion for Partial Summary Judgment, on or before March 6, 2013. Defendant's Motion was filed on February 8, 2013, and Plaintiffs' Response was due February 25, 2013. Plaintiffs are advised that should they elect not to file a Response, the Court will nonetheless proceed with preparation of a ruling on the merits . . . .

Ct. Order.

To date, Plaintiffs have neither tendered discovery responses nor filed a Response to Defendant's Motions.

## II. DISCUSSION

A.  Defendant's Motion to Dismiss

FED. R. CIV. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." The Court may also "dismiss an action sua sponte under Rule 41(b) for failure to comply with a court order or whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Link v. Wabash Railroad*, 370

U.S. 626, 631 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)(citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)); *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Link, supra*, 370 U.S. at 629-30; *see also Hand v. UNUM Provident Corp.*, 202 F. App'x 689, 694 (5th Cir. 2006).

A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court. *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).  On appeal, a decision to dismiss under Rule 41(b) is limited to reversal for abuse of discretion.  *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Rogers ex rel. Rogers v. Metropolitan Transit Authority Metrolift,* 111 F. App'x 782 (5th Cir. 2004); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980).

Plaintiffs have not taken any action in this case or otherwise contacted the Court since their attorney participated in the telephonic case management conference on September 6, 2012.   Plaintiffs have not prosecuted this case, and dismissal on this basis is warranted.  Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 41(b) should be granted.

B.     Defendant's Motions for Summary Judgment

1.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Melton v. Teachers Ins. & Annuity Ass'n of America,* 114 F.3d 557, 560 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).  In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party.  *RSR Corp. v. Int'l Ins. Co.,* 612 F.3d 851, 858 (5th Cir. 2010).  However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co,* 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp.*, 612 F.3d at 858.

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

2.  Breach of Contract Claim

The Complaint advances claims for breach of contract and bad faith against Defendant for its alleged refusal to pay under the terms of the insurance policy. Compl. [1-2], at pp. 2-3. Plaintiff Jermaine Evans seeks compensation for repairs made to his vehicle "in addition to the $500.00 deductible which he is entitled to receive." *Id.* at p. 2. Plaintiff Tiffany Edwards seeks recovery of her out of pocket medical expenses under the uninsured motorist provision of the policy. *Id.* at p. 3.

Collectively Plaintiffs seek a sum of money sufficient to pay for the damages they have suffered . . . losses suffered . . . damages for breach of contract . . . and punitive damages for Defendant's failure to act in a prudent manner." *Id*. Defendant requests summary judgment in light of "Plaintiffs' refusal to undergo separate examinations under oath, provide a medical authorization, and otherwise cooperate . . . ." Def.'s Mot. [18] at p. 2.

In order to establish a breach of contract claim, a plaintiff must prove (1) the existence of a valid and binding contract; (2) that the defendant has broken, or breached it; and (3) that plaintiff has thereby been damaged monetarily. *Favre Property Management, LLC v. Cinque Bambini,* 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004) (citing *Warwick v. Matheney*, 603 So. 2d 330, 336 (Miss. 1992)). In the present case, the evidence establishes the existence of a valid insurance contract, namely Policy 1216757-MS-PP-001.

The Mississippi Supreme Court has held that where terms are unambiguous, questions regarding the construction and interpretation of insurance policy language are questions of law. *Lewis v. Allstate Ins. Co.,* 730 So. 2d 65, 68 (Miss. 1998).

> In Mississippi, a court should read the policy as a whole, considering all the relevant portions together and, "whenever possible, should give operable effect to every provision in order to reach a reasonable overall result." *J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.,* 723 So. 2d 550, 552 (Miss. 1998). When an insurance contract is plain and unambiguous, it will be enforced as written. *State Farm Mut. Auto. Ins. Co. v. Scitzs,* 394 So. 2d 1371, 1372 (Miss. 1981). "[A]mbiguity is present when policy language is susceptible of two or more reasonable interpretations." *Miss. Farm Bureau Cas. Ins. v. Britt,* 826 So. 2d 1261,

1265 (Miss. 2002).

*Time Ins. Co. v. White*, 803 F. Supp. 2d 552, 559 (S.D. Miss. 2011).

Examination of the insurance contract's sections pertaining to medical authorization and examination reveals that the language is clear and unambiguous, and provides that a "covered person shall also give an authorization which would allow us to obtain medical reports and copies of the records." *See* Ins. Pol. [18-6], at p. 17, att. as Ex. "F" to Def.'s Mot. for Summ. J. The policy further requires that a "covered person shall submit to reasonable questioning concerning any claim made under this policy." *Id*.

The undisputed evidence before the Court reflects that to date, Plaintiffs have not executed the requisite medical authorizations. Evidence reflects that counsel for the parties convened on May 25, 2012, in order to obtain separate examinations under oath from both Plaintiffs. However, the examinations did not take place because counsel for Plaintiffs refused to permit Plaintiffs to give their statements under oath separately. Tr. of Proposed Examinations Under Oath, att. as Ex. "G" to Def.'s Mot., at pp. 2-3. The uncontroverted evidence further establishes that Plaintiffs have failed to respond to any of the discovery requests propounded by Defendant. Based upon the evidence before the Court, Plaintiffs have not demonstrated that a material fact question exists for trial as to whether Defendant breached the terms of the insurance contract. Defendant is entitled to summary judgment on Plaintiffs' breach of contract claim.

    3.    <u>Bad Faith Claim</u>

Defendant moves in the alternative for partial summary judgment on Plaintiffs' bad faith claim asserting that "it had an arguable reason to deny coverage and there is no evidence suggesting that Safeway's denial was the product of willful or malicious wrong or gross and reckless disregard for Plaintiffs' rights." Def.'s Mot. for Partial Summ. J. [22] at p. 2.  Finally, Defendant argues that in light of Plaintiffs' failure to submit to separate examinations or provide evidence in support of their claims, Plaintiffs cannot establish the essential elements of a bad faith claim, inasmuch as the undisputed facts do not rise to the level of wanton, gross, or intentional conduct. Def.'s Mem. in Supp. of Summ. J. [23], at p. 21.

The Mississippi Supreme Court has determined that "a bad faith refusal claim is an 'independent tort' separable in both law and fact from the contract claim asserted by an insured under the terms of the policy." *Hartford Underwriters Ins. Co. v. Williams,* 936 So. 2d 888, 895 (Miss. 2006) (quoting *State Farm & Cas. Co. v. Simpson,* 477 So. 2d 242, 250 (Miss. 1985)).  "Bad faith has been defined . . . as requiring 'a showing of more than bad judgment or negligence; rather, 'bad faith' implies some conscious wrongdoing 'because of dishonest purpose or moral obliquity.'" *Limbert v. Mississippi Univ. for Women Alum. Ass'n. Inc.,* 998 So. 2d 993, 998 (Miss. 2008) (quoting *University of Southern Miss. v. Williams*, 891 So. 2d 160, 170-71 (Miss. 2004)).  In order to support a bad faith claim for punitive damages, a plaintiff must prove (1) defendant lacked an arguable or legitimate basis for denying the claim; and  (2) defendant committed a willful or malicious wrong, or acted with gross and reckless disregard of plaintiff's rights.  *Spansel v.*

*State Farm Fire & Cas. Co.,* 683 F. Supp. 2d 444, 447 (S.D. Miss. 2010) (citing *Un. Am. Ins. Co. v. Merrill,* 978 So. 2d 613, 634 (Miss. 2007)).

The record establishes that Plaintiffs have not tendered any responses to Defendants' discovery requests or otherwise submitted documentation in connection with their claims arising from the incident on November 3, 2011.  Plaintiffs have not tendered any evidence in support of their allegations that Defendant denied payment or otherwise acted maliciously or in disregard of Plaintiffs' rights.  As such, Defendant is entitled to summary judgment on Plaintiffs' bad faith claim.  *See Essinger v. Lib. Mut. Fire Ins. Co.,* 529 F. 3d 264, 271-72 (5th Cir. 2008).

### III. CONCLUSION

After consideration of the record, the Court is of the opinion that Defendant's Motion to Dismiss [18] should be granted, and that the above captioned cause should be dismissed pursuant to FED. R. CIV. P. 41(b) for Plaintiffs' failure to prosecute.  Alternatively, because Plaintiffs have failed to submit evidence creating a genuine issue of material fact, Defendant is entitled to judgment as a matter of law on Plaintiffs' breach of contract and bad faith claims. Defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment [20, 22] should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss [18] filed February 8, 2013, is **GRANTED** and Plaintiffs' Complaint against Defendants is dismissed with prejudice pursuant to FED. R. CIV. P. 41(b).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's Motion for Summary Judgment [20] and Motion for Partial Summary Judgment [22] filed February 8, 2013, are **GRANTED** and Plaintiffs' Complaint against Defendants is dismissed with prejudice pursuant to FED. R. CIV. P. 56.

**SO ORDERED AND ADJUDGED**, this the 25th day of July, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE